## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

TRACIE BARRON, individually and
on behalf of all others similarly
situated,

            Plaintiff,

       v.

SUNIVA, INC.,

           Defendant.

Case No.

**JURY TRIAL DEMANDED**

**CLASS ACTION**

## CLASS ACTION COMPLAINT

Plaintiff Tracie Barron, individually and on behalf of all others similarly situated, alleges as follows:

## PRELIMINARY STATEMENT

1.    This case arises out of Defendant's failure to provide its workers with the 60-day advance notification required under the federal Worker Adjustment and Retraining Notification Act (the "WARN Act"), codified at 29 U.S.C. § 2101 *et seq.*

2.    On Mach 29, 2017, Defendant terminated the employment of 131 employees at its plant in Norcross, Georgia (the "Norcross Facility"). In violation of the WARN Act, Defendant provided Plaintiff and the putative Class less than 24 hours' notice that their employment was being

1

terminated.

3.      On March 29, 2017, Defendant terminated the employment of 59 employees at its plant in Saginaw, Michigan (the "Saginaw Facility").  In violation of the WARN Act, Defendant provided Plaintiff and the putative Class less than 24 hours' notice that their employment was being terminated.

4.      Through this action, Plaintiff and other similarly situated employees of Defendant seek recovery of damages in the amount of sixty (60) days' pay and benefits under the WARN Act, as well as civil penalties as set forth below.

## THE PARTIES

5.      Plaintiff is a former employee who worked at Defendant's Facility. Plaintiff's employment was terminated, along with approximately 130 other employees, on March 29, 2017.  As such, Plaintiff has been injured as a result of Defendant's conduct as alleged herein.

6.      Defendant Suniva, Inc. is a Delaware corporation with its principal place of business at 5775 Peachtree Industrial Boulevard in Norcross, Georgia.

## JURISDICTION AND VENUE

7.      This Court has federal question subject matter jurisdiction pursuant to 28 U.S.C. § 1331, as this case is being brought under the WARN Act, 29

U.S.C. § 2101 *et seq.*

8.      Venue is proper in this District because the Saginaw Facility where Plaintiff and the putative Class were employed is located in this District, and a substantial part of the events giving rise to Plaintiff's claims occurred in this District.

## FACTUAL BACKGROUND

9.      Plaintiff began working for Defendant on July 7, 2015.  On March 29, 2017, Plaintiff was terminated by Defendant without proper notice.

10.      At the time of termination, Plaintiff's job title was Module Operator and Plaintiff was paid an hourly wage of $12.50.  Plaintiff worked approximately 40 hours a week, and was paid overtime wages for all hours worked in excess of 40 hours a week at one and a half her hourly rate.  Along with wages, Plaintiff received health insurance, a 401(k) plan, short-term disability insurance, long-term disability insurance, life insurance, and vacation pay.

11.      On March 23, 2017, Plaintiff was notified that she would be temporarily laid off and return to work on April 3, 2017.

12.      On March 28, 2017, Plaintiff was notified that her temporary layoff had been extended until April 10, 2017.

13.      On March 29, 2017, Plaintiff saw on the news that Suniva was permanently shutting down the Saginaw Facility.

3

14.    On March 30, 2017, Plaintiff called her plant manager to inquire about the information she saw on the news. Her plant manager informed her that she was being permanently laid off and the Saginaw Facility had permanently shut down.

15.    On March 31, 2017, Plaintiff received a letter from Defendant stating that she was permanently terminated (the "Termination Notice").

16.    The Termination Notice states that Suniva "has suffered severe financial hardship due to a downturn in the solar cell industry." It goes on to state that because of this downturn, "Suniva, Inc. has decided to implement a force reduction at its [Saginaw] facility."

17.    The Termination Notice also states that Suniva "continue[s] to explore options for future activities at the Saginaw facility, and at the present time, we are unable to say whether this force reduction will be permanent." It goes on to state that "[a]s a result of the force reduction, **your employment will be terminated on March 29, 2017**." (emphasis added).

18.    Other than as stated above, at no time prior to receiving this Termination Notice was Plaintiff or other putative Class members advised by Defendant that their employment was being terminated.

19.    Plaintiff's employment was terminated effective March 29, 2017. Plaintiff's benefits were canceled effective March 31, 2017.  Plaintiff was not

given a severance package upon termination of her employment.

20.     Plaintiff is informed and believes, and thereon alleges, that subsequent to the mass layoff that took place on March 29, 2017, only a few full-time employees remain employed at the Saginaw Facility to wind down its operations and that the Saginaw Facility will employ no persons within the month.

21.     On Mach 29, 2017, Defendant also terminated the employment of 131 employees at its plant in Norcross, Georgia (the "Norcross Facility") with no prior warning.

## CLASS ACTION ALLEGATIONS

22.     Plaintiff brings her claims under Rules 23(a), (b)(1), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure and the WARN Act under 29 U.S.C. § 2104(a)(5), individually and on behalf of the following Classes:

> All persons employed at Defendant's Norcross Facility whose employment was involuntarily terminated on or about March 29, 2017 without receiving sixty (60) days' written notice before the date of termination of employment.
>
> All persons employed at Defendant's Saginaw Facility whose employment was involuntarily terminated on or about March 29, 2017 without receiving sixty (60) days' written notice before the date of termination of employment.

23.     Excluded from the above Class is: (1) any entity in which Defendant has a controlling interest; (2) officers or directors of Defendant; (3)

this Court and any of its employees assigned to work on the case; and (4) all employees of the law firms representing Plaintiff and the Class.

24.     **Numerosity (Federal Rule of Civil Procedure 23(a)(2))** – The members of the Class are so numerous that a joinder of all members would be impracticable.  While the exact number of the members of the Class is presently unknown to Plaintiff, and can only be determined through appropriate discovery, Plaintiff believes that the Class is equal to nearly 200 members.

25.     Upon information and belief, Defendant has databases, and/or other documentation identifying those employees whose employment was terminated on or about March 29, 2017 as part of the mass layoff.    Further, the Class definition identifies unnamed plaintiffs by describing a set of common characteristics sufficient to allow a member of that group to identify him or herself as having a right to recover.  Other than by direct notice by mail or email, alternatively proper and sufficient notice of this action may be provided to the Class members through notice published in newspapers or other publications.

26.     **Commonality (Federal Rule of Civil Procedure 23(a)(2))** – This action involves common questions of law and fact.  These common questions of law and fact take precedence over those questions that may only affect individual Class members.  The questions of law and fact common to both Plaintiff and the Class members predominate over any individualized issues, and include, but are

6

not limited to, the following:

  a.  Whether Defendant was an employer under the WARN Act;

  b.  Whether all Class members were employees under the WARN Act;

  c.  Whether all Class members' employment locations were covered facilities under the WARN Act;

  e.  Whether Defendant gave at least sixty (60) days advance written notice to the Class members, as required by the WARN Act; and

  f.  Whether Defendant failed to pay the Class members wages and to provide other employee benefits for the 60-day period following their respective terminations.

27. **<u>Typicality (Federal Rule of Civil Procedure 23(a)(3))</u>** – Plaintiff's claims are typical of all of the members of the Class. The evidence and the legal theories regarding Defendant's alleged wrongful conduct are substantially the same for Plaintiff and all of the Class members, as Plaintiff was an employee at Defendant's Saginaw Facility and Plaintiff's employment was terminated without proper notice on or about March 29, 2017.

28. **<u>Adequacy (Federal Rule of Civil Procedure 23(a)(4))</u>** – Plaintiff will fairly and adequately protect the interests of the Class members. Plaintiff has retained competent counsel experienced in class action litigation to ensure

such protection.   There are no material conflicts between the claims of the representative Plaintiff and the members of the Class that would make class certification inappropriate.   Plaintiff and his counsel intend to prosecute this action vigorously.

29.   **Predominance and Superiority (Federal Rule of Civil Procedure 23(b)(3))** –The common questions of law or fact identified herein and to be identified through discovery predominate over questions that may affect only individual Class members.   Further, the class action is superior to all other available methods for the fair and efficient adjudication of matter.   Because the injuries suffered by the individual Class members may be relatively small, the expense and burden of individual litigation would make it virtually impossible for Plaintiff and Class members to individually seek redress for Defendant's wrongful conduct.   Even if any individual person or group(s) of Class members could afford individual litigation, it would be unduly burdensome to the courts in which the individual litigation would proceed.   The class action device is preferable to individual litigation because it provides the benefits of unitary adjudication, economies of scale, and comprehensive adjudication by a single court.   In contrast, the prosecution of separate actions by individual Class members would create a risk of inconsistent or varying adjudications with respect to individual Class members that would establish incompatible standards

8

of conduct for the party (or parties) opposing the Class and would lead to repetitious trials of the numerous common questions of fact and law. Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a class action. As a result, a class action is superior to other available methods for the fair and efficient adjudication of this controversy. Absent a class action, Plaintiff and the Class members will continue to suffer losses, thereby, allowing these violations of law to proceed without remedy and allowing Defendant to retain the proceeds of their ill-gotten gains.

30.     Plaintiff contemplates the eventual issuance of notice to the proposed Class members setting forth the subject and nature of the instant action. Upon information and belief, Defendant's own business records and electronic media can be utilized for the contemplated notices. To the extent that any further notices may be required, Plaintiff would contemplate the use of additional media and/or mailings.

31.     The matter is properly maintained as a class action pursuant to Rule 23(b) of the Federal Rules of Civil Procedure, in that:

    a.     Without class certification and determination of declaratory, injunctive, statutory and other legal questions within the class format, prosecution of separate actions by individual members of the Class will

create the risk of:

       1)    Inconsistent or varying adjudications with respect to individual members of the Class which would establish incompatible standards of conduct for the parties opposing the Class; or

       2)    Adjudication with respect to individual members of the Class which would as a practical matter be dispositive of the interests of the other members not parties to the adjudication or substantially impair or impede their ability to protect their interests;

      b.    The parties opposing the Class have acted or refused to act on grounds generally applicable to each member of the Class, thereby making appropriate final injunctive or corresponding declaratory relief with respect to the Class as a whole; or

      c.    Common questions of law and fact exist as to the members of the Class and predominate over any questions affecting only individual members, and a Class Action is superior to other available methods of the fair and efficient adjudication of the controversy, including consideration of:

       1)    The interests of the members of the Class in individually controlling the prosecution or defense of separate actions;

       2)    The extent and nature of any litigation concerning controversy already commenced by or against members of the Class;

3)    The desirability or undesirability of concentrating the

litigation of the claims in the particular forum; and

4)    The difficulties likely to be encountered in the

management of a class action.

## FIRST CLAIM FOR RELIEF

## VIOLATION OF THE FEDERAL WARN ACT

32.    Plaintiff incorporates by reference the allegations in the preceding

paragraphs.

33.    At all times material herein, Plaintiff, and similarly situated persons,

have been entitled to the rights, protections, and benefits provided under the

Federal WARN Act, 29 U.S.C. § 2101 *et. seq*.  Plaintiff and members of the

Class are "affected employees" of Defendant within the meaning of 29 U.S.C.

§2101(a)(5).

34.    Defendant was an "employer" as that term is defined in 29 U.S.C. §

210l(a)(l) and 20 C.F.R. § 639.3(a) and continues to operate as a business.

35.    On March 29, 2017, Defendant engaged in a "mass layoff" at the

Norcross Facility, as that term is defined in 29 U.S.C. § 2101(a)(3).

36.    On March 29, 2017, Defendant engaged in a "mass layoff" at the

Saginaw Facility, as that term is defined in 29 U.S.C. § 2101(a)(3).

37.    Plaintiff is informed and believes, and thereon alleges, that the mass

11

layoff at the Norcross Facility and the Saginaw Facility resulted in "employment losses," as that term is defined by 29 U.S.C. § 2101(a)(3), for at least 50 employees constituting at least of 33% of the employees at the Norcross Facility and the Saginaw Facility.

38.     Plaintiff and each of the other members of the Class had their employment terminated without cause.

39.     Defendant failed to give Plaintiff and other members of the Class written notice that complied with the requirements of the Federal WARN Act.

40.     Plaintiff and each of the other Class members are "aggrieved employees" of Defendant, as that term is defined in 29 U.S.C. §2104(a)(7).

41.     Defendant failed to pay Plaintiff and each of the Class members their respective wages, salary, commissions, bonuses, accrued holiday pay and accrued vacation pay for 60 days following notice of their terminations and failed to pay accrued retirement benefits, for 60 days following notice of their respective terminations.  Plaintiff and the Class have been injured as a result of these Federal WARN Act violations.

42.     As a result of Defendant's violations of the Federal WARN Act, Plaintiff and the Class are entitled to back pay for each day of Defendant's violations at a rate of compensation not less than the higher of the average regular rate received by each employee during the last 3 years of the employee's

employment, or the final regular rate received by such employee, up to a maximum of 60 days.

43.    Plaintiff and the Class are also entitled to all benefits under any employee benefit plan described in 29 U.S.C. § 1002(3), including the cost of medical expenses incurred during the employment loss which would have been covered under an employee benefit plan if the employment loss had not occurred, up to a maximum of 60 days.

44.    Defendant is also liable to Plaintiff for reasonable attorneys' fees under 29 U.S.C. § 2104(a)(6).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of members of the Class, request the following relief:

1.    For an order certifying this action as a class action under Federal Rule of Civil Procedure 23;

2.    For an order determining that Defendant violated the Federal WARN Act;

3.    For an award of damages for unpaid compensation and owed Plaintiff and Class members pursuant to the Federal WARN Act;

5.    For reasonable attorney's fees and costs pursuant to 29 U.S.C. § 2104(a)(6) and/or other applicable law; and

6.     For such other and further relief, in law or equity, as this Court may deem appropriate and just.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests trial by jury of all issues triable by jury pursuant to Federal Rule of Civil Procedure 38.

Dated:  April 5, 2017                          Respectfully submitted,

**THE MILLER LAW FIRM, P.C.**

 */s/ E. Powell Miller*
E. Powell Miller (P39487)
Sharon S. Almonrode (P33938)
950 W. University Dr., Ste. 300
Rochester, Michigan 48307
Telephone: (248) 841-2200
Facsimile: (248) 652-2852
epm@millerlawpc.com
ssa@millerlawpc.com

Joseph G. Sauder*
Matthew D. Schelkopf*
**MCCUNE WRIGHT AREVALO LLP**
555 Lancaster Avenue
Berwyn, Pennsylvania 19312
Telephone: (610) 200-0580
jgs@mccunewright.com
mds@mccunewright.com
* Admission application forthcoming

*Attorneys for Plaintiff and the Class*